UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
IRINA G. LANG & WILLIAM H. LANG,  )   No. C08-0610-RSL
                                  )
            Plaintiffs,           )
      v.                          )
                                  )   ORDER GRANTING DEFENDANTS'
MICHAEL CHERTOFF, *et al.*,       )   MOTION AND REMANDING
                                  )   TO UNITED STATES CITIZENSHIP
            Defendants.           )   AND IMMIGRATION SERVICES
_____)

## I. INTRODUCTION

This matter comes before the Court on "Defendants' Motion to Dismiss and Remand to USCIS" (Dkt. # 6) and on "Defendants' Motion to Supplement Response in Order to Show Cause" (Dkt. # 13). For the reasons set forth below, the Court grants in part and denies in part defendants' motion to dismiss and remand to USCIS and grants defendants' motion to supplement.

## II. DISCUSSION

**A. Background**

On July 12, 2002, plaintiff Irina G. Lang became a lawful permanent resident (LPR) based on her marriage to a United States citizen. Plaintiff filed an N-400 application for

ORDER GRANTING DEFENDANTS'
MOTION AND REMANDING TO USCIS

naturalization with the United States Citizenship and Immigration Services ("CIS") on May 8, 2006. CIS examined her for naturalization but failed to adjudicate her application in a timely fashion. Plaintiffs sought judicial naturalization pursuant to 8 U.S.C. § 1447(b). The Court ordered defendants to show cause why Ms. Lang should not be naturalized. Defendants were specifically instructed to state any reasons why plaintiff was not eligible for naturalization and to provide a proposed plan, if appropriate, for the prompt administrative adjudication of her application. Defendants argue that plaintiff is not eligible for naturalization because she and her United States citizen spouse have not been living in marital union for the requisite three years preceding plaintiff's application for naturalization. Defendants request to supplement their response to the order to show cause[1] and seek a remand to CIS so the agency can adjudicate plaintiff's application within 30 days.

**B. Analysis**

**1. Jurisdiction under 8 U.S.C. § 1447(b)**

Although primary naturalization authority is vested with the Secretary of the Department of Homeland Security (8 U.S.C. § 1421(a)), district courts have jurisdiction over the naturalization process in certain limited circumstances. Where, as here, CIS has failed to adjudicate an application for naturalization in a timely manner, the applicant may seek judicial naturalization under 8 U.S.C. § 1447(b). This Court therefore has jurisdiction over plaintiffs' complaint. See Hovsepian v. United States, 359 F.3d 1144, 1164 (9th Cir. 2004) (holding "[s]ection 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority."). In resolving this dispute, the Court may either

---

[1] Plaintiffs do not oppose defendants' motion to supplement.

adjudicate the application or remand the matter, with appropriate instructions, to CIS.  8 U.S.C. § 1447(b).

**2. Motion to Remand**

Defendants argue that this matter should be remanded to the agency because CIS is ready to immediately adjudicate plaintiff's application and CIS has the expertise to determine eligibility for immigration benefits.  Defendants contend that plaintiff is ineligible for naturalization based on regulations requiring that she and her citizen spouse have been "living in marital union" during the three years immediately preceding the filing of her application.  See 8 U.S.C. § 1430(a).  The parties stipulate to the fact that Ms. Lang and her husband lived separately approximately six months prior to the filing date of her application for naturalization.

The agency has asserted a legitimate reason for denying plaintiff's application.  CIS regulations state that "an applicant lives in marital union with a citizen spouse if the applicant actually resides with his or her current spouse."  8 C.F.R. § 319.1(b)(1).  Because Congress has not defined the phrase "lives in marital union," deference to the agency interpretation is required in this case pursuant to Chevron, U.S.A., Inc. v. Natural Resource Defense Council, Inc., 467 U.S. 837, 844 (1984) ("a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.").  Other courts that have considered this issue have also applied the agency's definition of "living in marital union."  See U.S. v. Moses, 94 F.3d 182, 185 (5th Cir. 1996) ("given that the INS's interpretation of "living in marital union" is based on a permissible construction of the statute, it is entitled to great deference.");   United States v. Mohalla, 545 F. Supp. 2d 1035, 1041 (C.D. Cal. 2008) ("separation from his citizen spouse prior to the submission of his application means that he could not show that he was living in a marital union with his citizen spouse for three years.");  United States v. Maduno, 40 F.3d 1212, 1217 (11th Cir. 1994) (holding that jury instructions defining "living in marital union" as "actually resided

ORDER GRANTING DEFENDANTS'
MOTION AND REMANDING TO USCIS         -3-

with" are a correct statement of law).[2]  Plaintiff testified that she resided separately from her husband for nearly six months prior to applying for naturalization; regardless of the cause of the separation, their domestic arrangement appears to render her ineligible for naturalization under 8 U.S.C. § 1430(a).  The Court recognizes that plaintiffs have been waiting for a decision from the agency for nearly two years and is sympathetic regarding the delays they have faced.  The Court favors remand in this instance, however, because it is not clear that plaintiff would receive a more favorable or expeditious result if the case remained before this Court.  See Karsch v. Chertoff, 2007 WL 3228104, *1 (W.D. Wash. Oct. 29, 2007).

Plaintiff is now eligible to apply for naturalization as an LPR residing in the country for at least five years.  See 8 U.S.C. § 1427(a).  In response to defendants' motion to remand, plaintiffs requested that defendants adjudicate Ms. Lang's application based on the five year rule.  Dkt. # 9 at 6.  An applicant must be an LPR for at least five years "immediately preceding the date of filing his application for naturalization."  8 U.S.C. § 1427(a).  Plaintiff filed her application for naturalization after residing in the United States for less than four years and is thus ineligible for naturalization through her current application.  Plaintiff will therefore have to reapply for naturalization in order to benefit from the five year rule.

Plaintiffs also request that defendants adjudicate Ms. Lang's application within ten business days of this order.  Dkt. # 9 at 6.  CIS asserts that it "is ready to immediately adjudicate" plaintiff's application (Dkt. # 6 at 4) but has requested 30 days in order to evaluate her application following remand (Dkt. #12 at 1).  Given the considerable delay since plaintiff filed her naturalization application, requiring CIS to render a decision within ten judicial days of

---

[2]  Plaintiffs rely on In re Olan, 257 F. Supp. 884, 890 (S.D. Cal. 1966), which held that "living in marital union" means living in the status of a valid marriage.  However, In re Olan was decided prior to the issuance of CIS regulations interpreting this statutory language.

ORDER GRANTING DEFENDANTS'
MOTION AND REMANDING TO USCIS        -4-

1  remand is both reasonable and appropriate.

## III. CONCLUSION

For all of the foregoing reasons, "Defendants' Motion to Remand" (Dkt. # 6) is GRANTED in part and DENIED in part.  The Court REMANDS this case to USCIS for adjudication of plaintiff's naturalization application within ten judicial days from the date of this Order and DISMISSES this action without prejudice.  Defendants' unopposed "Motion to Supplement Response in Order to Show Cause" (Dkt. # 13) is GRANTED.

Dated this 9th day of October, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION AND REMANDING TO USCIS         -5-