UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
IRINA G. LANG, *et al.*,                          ) No. C08-0610RSL
                                                  )
                          Plaintiffs,             ) ORDER GRANTING PLAINTIFF'S
              v.                                  ) MOTION FOR ATTORNEY'S FEES
                                                  ) AND COSTS
MICHAEL CHERTOFF, *et al.*,                       )
                                                  )
                          Defendants.             )
_____)

## I. INTRODUCTION

This matter comes before the Court on plaintiff Irina G. Lang's "Motion for Award of Attorneys [sic] Fees under Equal Access to Justice Act." Dkt. # 15. For the reasons set forth below, the Court grants plaintiff's motion.

## II. DISCUSSION

### A. Background and Procedural History

On July 12, 2002, plaintiff Irina G. Lang became a lawful permanent resident ("LPR") based on her marriage to a United States citizen. Plaintiff filed an N-400 application for naturalization with the United States Citizenship and Immigration Services ("CIS") on May 8, 2006. CIS examined her for naturalization in August 2006 but failed to adjudicate her application for over eighteen months. On April 21, 2008, plaintiff filed a petition in district court for hearing on her naturalization application.

The Court ordered defendants to show cause why plaintiff should not be

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND COSTS

naturalized. Within the designated response period, counsel for the parties conferred and agreed that "CIS is now taking action on Plaintiff's underlying application, and there is a likelihood that the ongoing administrative action may moot this lawsuit." Dkt. # 4 at 1. On July 21, 2008, CIS conducted an additional interview of plaintiff and her husband. The parties were ultimately unable to settle this dispute. Defendant responded to the order to show cause by arguing that plaintiff was not eligible for naturalization because she had not lived in marital union with her citizen husband for the requisite three years preceding her application. Defendants requested that the matter be remanded to CIS so that the agency could adjudicate plaintiff's application within thirty days. Dkt. # 6, Ex. A at ¶ 10. Plaintiff opposed defendant's request for a remand, but argued in the alternative that, if a remand were ordered, CIS should be required to adjudicate the application for naturalization within ten days, adopt plaintiff's interpretation of "marital union," and file a status report with the Court.

After finding that the agency's interpretation of "marital union" was entitled to deference, the Court remanded the case to CIS for adjudication of plaintiff's naturalization application within ten judicial days. Dkt. # 14. Plaintiff now seeks reimbursement of fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

**B. Analysis**

Under the EAJA, a litigant who has brought a civil suit against the United States is entitled to attorney's fees and costs if: (1) she is the prevailing party in the matter; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. See 28 U.S.C. § 2412(d)(1)(A). Additionally, the application for fees must be filed within thirty days of a final judgment. Plaintiff filed her motion within thirty days of the Court's judgment and defendants have not challenged the reasonableness of the fees and costs requested.

**1. Prevailing party**

Two factors define "prevailing party" under the EAJA. Plaintiff's action must

have resulted in a "material alteration" in the parties' legal relationship and that alteration must have been "judicially sanctioned." Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005) (citation omitted). A "material alteration" means "the defendants were required to do something directly benefitting the plaintiff[] that they otherwise would not have had to do." Id. at 900 (alteration in original).[1] "A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit." Id. at 901 n.5 (internal quotation marks omitted, alteration in original).

In her complaint, plaintiff requested that the Court grant her naturalization application. Dkt. # 1 at 7. Plaintiff requested this relief again in response to defendants' motion to dismiss. Dkt. # 9 at 6. However, as an alternative, plaintiff requested that her application be remanded to the agency with instructions that it be adjudicated within ten business days of remand. Id. On October 9, 2008, the Court remanded to CIS with instructions to adjudicate within ten days: the Court expressly rejected CIS' request for thirty days in which to act based on the considerable delay plaintiff had already experienced. Dkt. # 14 at 4-5. Plaintiff therefore succeeded on a significant issue in this litigation: she forced CIS to adjudicate her pending application for naturalization, a task which the agency had avoided for over two years.[2]

This material alteration in the relationship between the parties was stamped with

---

[1] Relief achieved through a voluntary change in defendants' behavior, even if prompted by the existence of the lawsuit, does not convey prevailing party status on plaintiff. See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" on the ground that it lacks the critical factor of "judicial sanction").

[2] Defendants suggest that plaintiff is not a prevailing party because she opposed defendants' efforts to remand the matter to CIS. But the Court's decision to remand over plaintiff's objection does not strip her of prevailing party status. See Al-Ghanem v. Gonzales, 2007 WL 446047 at *2 (D. Utah Feb. 7, 2007) ("[T]he Court looks to the substance of the litigation to determine whether an applicant has substantially prevailed in its position, and not merely the technical disposition of the case or motion.") (quoting Kopunec v. Nelson, 801 F.2d 1226, 1229 (10th Cir. 1986)).

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND COSTS          -3-

the authority of the Judiciary. When plaintiff brought this action under 8 U.S.C. § 1447(b), the Court assumed exclusive jurisdiction and had two options for disposition of the matter: to determine the matter on the merits or to remand the matter, with appropriate instructions, to CIS for adjudication. 8 U.S.C. § 1447(b); <u>United States v. Hovsepian</u>, 359 F.3d 1144, 1161 (9th Cir. 2004) (en banc). Because CIS had finally completed its investigation, a remand to CIS with explicit instructions to adjudicate the application within ten days seemed the most efficient means by which to resolve this litigation. The parties did not settle this dispute and defendants had no power to voluntarily provide the relief requested. CIS acted on plaintiff's application at the express direction of the Court.

Whether plaintiff's application for naturalization was ultimately granted or denied is not the issue. The significant relief that plaintiff obtained through this litigation was getting her naturalization application adjudicated at all. Section 1447(b) is "a statutory check on what could otherwise amount to an infinite amount of time available to the government in which to render a decision on the application[.]" <u>Alghamdi v. Ridge</u>, 2006 WL 5670940, at *5 (N.D. Fla. Sept. 25, 2006). The Ninth Circuit has concluded that "[a] central purpose of [§ 1447(b)] was to reduce the waiting time for naturalization applicants." <u>Hovsepian</u>, 359 F.3d at 1163 (citing H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrison)). At the time she filed her complaint, plaintiff had been waiting for eighteen months for CIS to issue a decision on her naturalization application. Plaintiff's action put an end to the delay in processing her application by obtaining a Court order that forced CIS to decide her immigration status in a timely manner. CIS's discretion in deciding whether to grant or deny plaintiff's application does not transform the adjudication of the application into a voluntary act. <u>See</u> <u>Alghamdi</u>, 2006 WL 5670940, at *6 ("[W]hether USCIS ultimately grants or denies the application are [sic] irrelevant for determining whether a plaintiff has succeeded on the merits of an action based on § 1447(b). The sole purpose of § 1447(b) is to provide the applicant with a decision on the application where a decision has been withheld for an unreasonable amount of

time."). Therefore, the Court finds that plaintiff is the prevailing party in this action.

### 2. Substantially justified

Fees will not be awarded under the EAJA if the government shows that its litigating position was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d). "The EAJA defines the 'position of the United States' as not only its litigation position in the civil action, but also the government's action upon which the civil suit is based." United States v. Real Prop. at 2659 Roundhill Drive, 283 F.3d 1146, 1151 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(2)(D). The government bears the burden of showing that its position was substantially justified. Id. at 1151 n.7.

The legal positions taken by defendants once this case was initiated were reasonable. In response to the Court's order to show cause, defendants scheduled an additional interview of Ms. Lang and her husband, raised cogent and supportable arguments regarding her eligibility, and argued that the agency was best suited to adjudicate the pending application. Nevertheless, the conduct that gave rise to this litigation – namely defendants' pre-litigation failure to act on plaintiff's application – was not reasonable. Agencies are required to conclude matters presented to them within a "reasonable time" (5 U.S.C. § 555(b)) and the applicable regulations state that "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization[.]" 8 C.F.R. 335.3(a). In the circumstances presented here, eighteen months was not a reasonable amount of time in which to adjudicate plaintiff's application. There is only limited support for defendants' repeated assertion that they were "investigating" plaintiff's eligibility between her initial interview in August 2006 and the filing of this petition in April 2008. Defendants rely on an ambiguous statement by Susan Walk that "USCIS conducted an investigation . . . ." Dkt. # 6, Ex. A. at ¶ 8. No time frame is provided by Ms. Walk, the Court has been unable to find any information in the administrative record regarding any actions taken after September 2006, and the joint stipulation submitted on July 18, 2008,

suggests that CIS began "investigating" only after this action was filed. Even if defendants had been diligently processing plaintiff's application, they have not explained why the adjudication took over eighteen months. The agency action, or inaction, that necessitated this litigation was not reasonable.

Defendants correctly point out that when deciding "whether the government's litigation position is substantially justified, the EAJA favors treating a case as an inclusive whole, rather than as atomized line items." Response at 10 (quoting Al-Harbi v. INS, 284 F.3d 1080, 1084-85 (9th Cir. 2002)). Although defendants ultimately succeeded in obtaining a remand for further agency action, their position toward plaintiff, when considered as a whole, was not substantially justified. No explanation for the eighteen-month delay has been proffered. Even after the government identified plaintiff's residence as an issue of concern in the fall of 2006, it merely accepted her N-14 responses with no comment and no further action. When plaintiff filed her petition, defendants delayed judicial consideration of the application by seeking a continuance to complete its investigation and opposing judicial intervention on various grounds. "Congress enacted the EAJA to ensure that individuals and organizations would not be deterred by the expense of unjustified governmental opposition from vindicating their fundamental rights in civil actions and in administrative proceedings." Abela v. Gustafson, 888 F.2d 1258, 1262 (9th Cir. 1989). Having been forced to file suit in order to have her naturalization application adjudicated – a form of relief that CIS belatedly acknowledged was her due – an award of fees and costs is justified under the EAJA.

### 3. Reasonable fees and costs

Plaintiff is entitled to a "reasonable" amount of fees. 28 U.S.C. § 2412(b). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. at § 2412(d)(2)(A)(ii). Defendants have not challenged the reasonableness of the fees and costs

requested by plaintiff. The $250 per hour charged by attorney Steven P. Recor is consistent with the hourly rate charged in this area and is further justified by the quality of the legal services provided.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS "Plaintiff's Motion for Award of Attorneys Fees under Equal Access to Justice Act" (Dkt. # 15) in the amount of $4,888.42.

Dated this 17th day of December, 2008.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge